Olzie PERRY, Appellant

v.

Eric K. SHINSEKI, Secretary, U.S. Department of Veterans Affairs, Appellee.

No. 11–5141.

United States Court of Appeals, District of Columbia Circuit.

May 18, 2012.

David Robert Cashdan, Cashdan & Kane, PLLC, Washington, DC, Michael G. Kane, Esquire, Cashdan & Kane, PLLC, Westfield, NJ, for Appellant.

David Cotter Rybicki, Assistant U.S., R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: TATEL and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Appellant Olzie Perry, an African American female, contends that the Department of Veterans Affairs (VA) discriminated against her on the basis of age, race, and sex in violation of both the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., when it promoted Don Murphy, a forty-one-year-old white male, over her to a managerial position. In response, VA asserts that it hired Murphy for a number of legitimate, nondiscriminatory reasons, including Murphy's experience working at a remote worksite, his demonstrated ability to work with information technology systems, and the fact that he received the highest score of any candidate on his written application.

After full discovery, the district court granted summary judgment to VA. On appeal, Perry contends that the district court erred by analyzing her claim solely to determine whether she was discriminated against "because of" a protected characteristic. Perry argues that, pursuant to 42 U.S.C. § 2000e–2(m) and this court's decision in *Ford v. Mabus*, 629 F.3d 198 (D.C.Cir.2010), the district court was also required to determine whether a reasonable jury could find that age, race, or sex was a motivating factor in—though not the but–for cause of—the employment decision.

We need not consider this legal argument, however, because nothing in the record suggests that Perry's age, race, or sex played any role whatsoever—whether as a but-for cause or as a motivating factor—in VA's decision. Moreover, as the district court correctly determined, nothing in the record could support a reasonable inference that VA's stated reasons for Murphy's selection were pretextual. Thus, the district court properly granted summary judgment to VA.

The Clerk is directed to withhold the issuance of the mandate herein until seven

days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.